This was an appeal from a judgment of the District Court of Charlottesville, rendered in April, 1807.
The appellee brought an action of detinue against the appellant, for a negro woman : —the defendant pleaded non detinet; — and moreover a special plea in bar, “That he had sold the said negro woman with her two children to the plaintiff, who, by his deed in writing, bearing date, &c., did agree that the sale of the slave in the declaration mentioned should be void and defeasible, and the title of the plaintiff in her forfeited and vested in the *defendant, if the said plaintiff should sell, hire, convey away, or otherwise divide the said slave from her two children, until they should respectively attain the age of ten years, unless such sale, &c. should be of the mother and children collectively and all together, upon the defendant’s paying to the plaintiff the sum of SOO dollars; that the plaintiff had broken the condition of the said agreement, and forfeited his title in the said negro woman, by making a distinct sale of her in exclusion of her children before they respectively attained their age of ten years, whereby, &c. ; and that the defendant tendered to the plaintiff the SOO dollars, which he refused to accept.”
To this plea there was a replication, denying the fact of having separated the mother- from her children, and also of the tender of the SOO dollars — On these pleadings issues were joined. — ■
At the September term, 1806, commissioners were awarded, by consent, to take the depositions of two witnesses de behe esse; and, . at the Court, when the cause was tried, the defendant moved for a continuance, on affidavit filed, of the absence of material witnesses; but his motion was overruled. No bill of exceptions was tendered to the opinion of the Court. The Jury who were sworn to try the issues, found a general verdict for the slave in the declaration' mentioned, &c. On this verdict judgment was rendered, and an appeal taken to this Court.
The Attorney General, for the appellant, moved for a certiorari, suggesting diminution in the record.
PER CURIAM.
A certiorari is granted, of course, unless delay appear to be the object.
Wirt, for the appellee. This is considered an appeal merely for delay; and the cer-tiorari will have the effect of producing still greater delay. He therefore moved to take up the cause, out of its turn on the docket, in order to open the record, and have the judgment of the District Court affirmed.
Attorney-General. The record is incomplete, because it omits the affidavit made by the appellant, (the defendant in the District Court) as the ground of a continuance. This record states that a motion was made by the defendant for a continuance on affidavit filed of the absence *of material witnesses. — The affidavit itself, which is not inserted in the record, specifies what he expected to prove by those witnesses, and that due diligence had been used to obtain their attendance. This was the same as if a bill of exceptions had been sealed. In the case of Hook v. Nanny, (a) this Court determined that the Court below erred in not allowing a continuance of the cause, when the party had brought himself within the rule of law.
Wirt. In the case of Hook v. Nanny, there was a bill of exceptions, which shewed the whole ground, and enabled this Court to determine whether the motion for a continuance was rejected on legal principles, or not. A mere affidavit, which was not made a part of the record, is a very different thing from a bill of exceptions. The Court, in this case, might reject the motion for a continuance from circumstances apparent on the record. This was probably the case; for it appears, that at the September term, 1806, commissions were awarded to take depositions; but no evidence was taken.
Attorney-General. There is no difference whether a bill of exceptions was sealed or not. The defendant filed an affidavit, stating the ground of his motion for a continuance ; and, if there were any extraneous reasons why the cause should not be continued, the other party should have spread them upon the record. This case is the same, in substance, as that of Hook v. Nanny. There the party, on being overruled as to the continuance, spread his affidavit on the record; but it was still nothing but the affidavit of the party.
*173 JUDGE TUCKER
said it would be a dangerous precedent to allow affidavits to be a part of the record; unless made so by an exception.
JUDGE ROANE.
The affidavit might have been rebutted by extraneous evidence; and the party should have spread the whole case on the record.
JUDGE DEEMING.
The affidavit was no part of the record unless made so by an exception.
JUDGE LYONS,
of the same opinion. Certiorari refused.
*Wirt then moved the consideration of the cause as a mere delay case.
PER CURIAM.
— It is not the practice to take up a cause out oí its turn on the docket, as a delay case, if the counsel on the other side, say that in their opinion, there is error.
Attorne3'-General. The only point in the cause is this: There were two jileas; one, the general issue, the other, a special plea in bar, on which issue was joined. The Jury found a verdict generally tor the plaintiff; and there was a particular fact growing out of the special plea, which was not found by the Jury. It is a well settled principle, that a Jury must answer to the whole case put in issue, (a) So, if there be several issues joined, the Jury must find upon them all, or it will be error.
Wirt. The Jury have substantially found both issues. There was, besides the general issue, a special plea, which was denied by the replication; and the Jury, having found generally for the plaintiff, falsified both pleas of the defendant.
The cause was taken up as a delay case, and the judgment of the District Court affirmed.

 April, 1806, MS.

 Co. Lit. 237 a. See vol. 2, Hite's Heirs v. Wilson, &c.